UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM AARON MUTTON, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, et al., <br><br> Defendants. | Case No. 22-cv-02268-JST <br><br> **ORDER OF DISMISSAL** |

Plaintiff, an inmate at Two Rivers Correctional Institution in Umatilla, Oregon, filed this *pro se* action. He has been granted leave to proceed *in forma pauperis* in a separate order. For the reasons set forth below, this action is DISMISSED with prejudice.

## DISCUSSION

**A.   Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall dismiss an action brought by a plaintiff proceeding *in forma pauperis* if the court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. *Id.* *Pro se* pleadings must be liberally construed and the Court must take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff. *Id.*

/ / /

**B.     Discussion**

The complaint names as defendants Google Chief Operating Officer Ana Corrales and Jane/John Does 1-5. The complaint makes the following allegations: On May 8, 2015, a Google LLC employee, Jane/John Doe, acting pursuant to policies set forth by Google's upper management including but not limited to defendant Corrales, flagged one of Plaintiff's emails as containing an image of child porn, shut down Plaintiff's email account, and reported the account and Plaintiff to the National Center for Missing and Explored Children ("NCMEC"). The image was non-pornographic artwork, not child pornography. In September 2021, Plaintiff discovered new evidence that was not previously available to him indicating that Jane/John Doe negligently or maliciously flagged the image as child porn and never verified the image's contents. There are no policies and procedures in place to protect against this type of negligence, i.e., the forwarding of a false and misleading Cybertip to NCMEC. The complaint alleges that the above events/actions violated Plaintiff's right to freedom of expression under the First Amendment, and that Defendants were negligent under Oregon state law in reporting him to the Cyber Tipline under 32 U.S.C. § 20341 and 28 C.F.R. 81.12. Plaintiff alleges that the Court has diversity and federal question jurisdiction over this action. Plaintiff seeks a declaratory judgment stating that Defendants' actions of shutting down Plaintiff's email account violated the First Amendment, destroyed Plaintiff's character, constituted defamation of character / written libel; and that Defendants' actions allowed other parties to prosecute Plaintiff and take Plaintiff's freedom. *See generally* ECF No. 1.

The instant action is DISMISSED for the following reasons.

Plaintiff has sued private actors. The First Amendment does not prohibit private abridgement of speech.

> Ratified in 1791, the First Amendment provides in relevant part that "Congress shall make no law . . . abridging the freedom of speech." Ratified in 1868, the Fourteenth Amendment makes the First Amendment's Free Speech Clause applicable against the States: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ." § 1. The text and original meaning of those Amendments, as well as this Court's longstanding precedents, establish that the Free Speech Clause prohibits only governmental abridgment of speech. The Free Speech Clause does not prohibit private abridgment of speech.

2

*Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019). Plaintiff's First Amendment claim against Defendants therefore fails as a matter of law and is DISMISSED with prejudice.

The only remaining claim is an Oregon state law negligence claim. The Court will not screen this claim at this time. The Court declines to exercise supplemental jurisdiction over this potential state law claim because the Court has dismissed all claims over which it has original jurisdiction. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)) (citation omitted) (original brackets) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Accordingly, this action will be DISMISSED for failure to state a claim. The dismissal is with prejudice because amendment would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).

## CONCLUSION

For the foregoing reasons, this action is DISMISSED with prejudice. The Clerk of the Court shall terminate all pending motions, issue judgment, and close the file.

**IT IS SO ORDERED.**

Dated: April 29, 2022

JON S. TIGAR
United States District Judge