UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM AARON MUTTON, <br> Plaintiff, <br> v. <br> GOOGLE LLC, et al., <br> Defendants. | Case No. 22-cv-02268-JST <br><br> **ORDER DENYING EIGHTH REQUEST FOR RECONSIDERATION** <br><br> Re: ECF No. 43 |

On or about April 12, 2022, Plaintiff, an inmate at Two Rivers Correctional Institution in Umatilla, Oregon, filed this *pro se* action. On April 29, 2022, this case was dismissed with prejudice upon initial screening and is closed. ECF No. 11. Plaintiff appealed the Court's dismissal order, ECF No. 18, but on August 24, 2022, the Ninth Circuit dismissed the appeal pursuant to Plaintiff's request for voluntary dismissal, ECF No. 31. Now pending before the Court is Plaintiff's eighth motion for reconsideration. ECF No. 43. For the reasons set forth below, the Court DENIES the eighth motion for reconsideration.

## DISCUSSION

Nearly two years after this case was closed and one-and-a-half years after Plaintiff voluntarily dismissed his appeal, Plaintiff has filed an eighth motion for reconsideration. ECF No. 43. Plaintiff seeks reconsideration of the Court's dismissal of this action pursuant to Fed. R. Civ. P. 60(b)for the following reasons. First, Plaintiff alleges that he has discovered new evidence that was unknown to him at the time of the Court's dismissal of this action, namely that the Google employee deliberately misclassified the image sent to the National Center for Missing and Exploited Children as an A1 image, which refers to images of a prepubescent minor engaged in a sexual act, yet the image did not contain any images of sexual acts or of minors in any state of

undress. Second, Plaintiff argues that that the Court erred in denying him leave to amend because dismissal with prejudice is warranted only where there are no facts that can be pled that could cure the deficiency, citing *to United States ex rel. Shea v. Verizon Commc'ns, Inc.*, 160 F. Supp. 3d 16, 31 (D.D.C. 2015), *aff'd sub nom. United States ex rel. Shea v. Cellco P'ship*, 863 F.3d 923 (D.C. Cir. 2017). Plaintiff argues that the Court erred because it failed to inform him of the deficiency in his complaint and allow him a chance to cure the deficiency. *See generally* ECF No. 43.

The Court DENIES Plaintiff's eighth motion for reconsideration. Plaintiff has raised similar arguments in his prior motions for reconsideration, and the Court has denied these arguments in reasoned orders. As explained in the Court's orders denying Plaintiff's post-judgment motions on June 21, 2022; July 27, 2022; October 11, 2022; and March 15, 2023, the Court dismissed this action with prejudice for failure to state a claim because the named defendants are private actors and the First Amendment does not prohibit private abridgement of speech. The Court correctly dismissed this action with prejudice because amendment could not cure the identified deficiencies, namely whether a First Amendment claim can be stated against Google for flagging an image and forwarding it to the NCMEC. The alleged newly discovered evidence regarding the actions taken by the Google employee does not cure the deficiency in the First Amendment claim. *See, e.g.,* ECF No. 21 at 3-4 (rejecting claim that named defendants are not private actors); ECF No. 41 at 6-8 (same); ECF No. 41 at 8-10 (rejecting claim that Court erred in dismissing action with prejudice).

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's eighth motion for reconsideration. ECF No. 43. This case remains closed. Any future motions for reconsideration raising arguments previously presented will be summarily denied.

This order terminates ECF No. 43.

**IT IS SO ORDERED.**

Dated: April 8, 2024

_____
JON S. TIGAR
United States District Judge